(23 Civ. Proc. R. 317.)

### KRAUSS v. HALLBEIMER et al.

(Superior Court of New York City, Special Term. May 22, 1893.)

DEPOSITION—SETTLEMENT OF INTERROGATORIES—PRACTICE.

Code Civ. Proc. § 891, provides that, unless interrogatories are settled by consent, they must be settled as prescribed in the rules of practice, but said rules make no provision therefor. *Held,* that interrogatories must be settled according to the "course and practice of the court" (Code Civ. Proc. § 4), and therefore an order will not be granted requiring the adverse party to serve cross interrogatories.

Action by Leopold Krauss against Max Hallbeimer and Morris Ginsberg to set aside an assignment. Plaintiff moves for an order directing defendants to serve cross interrogatories, to be annexed to a commission to take testimony of a witness without the state. Denied.

George Carlton Comstock, for plaintiff.

J. Stuart Ross, for defendants.

McADAM, J. The practice in regard to the settlement of interrogatories has long since been settled. The Code (section 891) provides that, "unless the interrogatories to be annexed to the commission are settled by consent of the parties, they must be settled upon notice \* \* \* as prescribed by the general rules of practice." As these rules make no allusion to the subject, the matter is, by force of section 4 of the Code, left to be regulated by the then pre-existing "course and practice of the courts," which will be found in the several books on practice, as follows:

"To procure the settlement, serve a copy of the proposed interrogatories on the opposite attorney, with a notice of four days of the time and place at which they will be presented for settlement. The opposite party may propose cross interrogatories, a copy of which must be served two days before the settlement of the interrogatories." 1 Van Santv. Eq. Pr. (2d Ed.) 289; Grah. Pr. (2d Ed.) 596; 2 Till. & S. Pr. 392.

The cross interrogatories should be accompanied by a notice that they will be presented at the same time the interrogatories are noticed for settlement. 1 Burr. Pr. 444. Unless the order directing the commission prescribes some other mode, the practice stated must be pursued. The plaintiff, who seems to be in a hurry to send off the commission, has already lost six days' time by failing to observe the rule declared. He may re-serve his interrogatories, with the required notice of settlement; and the defendant must, if he intends to join in the commission, comply with the practice as to cross interrogatories, or lose the benefit thereof. The motion to compel the defendant to forthwith serve his cross interrogatories, being unauthorized, must be denied, with $10 costs to abide the event.